IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK YETIV, | No. C 03-5803 SBA |
|     Plaintiff. | |
|  v. | **ORDER** |
| MARK PORTER, | |
|     Defendant. | |
_____

By Order of this Court, this matter was referred to binding arbitration on August 5, 2004 [Docket No. 9].

On May 24, 2005, this Court issued an Order dismissing the instant case without prejudice to being reopened upon the conclusion of the arbitration proceedings [Docket No. 11]. The Order specifically provided that the parties could reopen the case within 60 days of the conclusion of the arbitration proceedings, provided that the parties notified the Court in writing. In the Order, the Court also granted leave to any party to state his objection to the dismissal, and to clarify whether there remained any issues for the Court to resolve that would justify leaving the case open on its active docket. The parties were directed to file their objections with the Court on or before June 4, 2005.

On June 3, 2005, Plaintiff timely filed his objection [Docket No. 13]. In his objection, Plaintiff requests that the case be restored to the Court's active docket because "limitations may preclude re-opening the case at a later time" and because he "would appreciate being able to resort to this Court should it become necessary." However, Plaintiff does not state that the arbitration proceedings have concluded, or identify any issues that require the Court's current attention. Since the Court's May 24, 2005 Order does not preclude Plaintiff from reopening the case once the arbitration proceedings have concluded, Plaintiff has not provided the Court with a sufficient reason to keep the instant matter open on its active docket at this time.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's objection is DENIED.  This case shall remain DISMISSED WITHOUT PREJUDICE TO BEING REOPENED upon the conclusion of the arbitration proceedings.  Upon written application by any party within 60 days of the conclusion of the arbitration proceedings, this matter shall be reopened and restored to the active civil calendar.  Failure to move to reopen the matter within 60 days of the conclusion of the arbitration proceedings will result in this dismissal becoming final, absent any extension of time previously granted.

IT IS SO ORDERED.

Dated: 6/8/05

 s/Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge